O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR SILVA PAIVA, | ) | Case No. CV 15-5018 |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| v. | ) | |
| | ) | [Dkt. 36] |
| SUSAN CURDA, in her capacity as | ) | |
| District Director of the Los Angeles | ) | |
| District of the U.S.C.I.S., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Presently before the court is Defendant's Motion for Summary Judgment on Plaintiff Valter Silver Paiva's petition for review of the United States Citizen and Immigration Service's ("USCIS") denial of Plaintiff's naturalization application. Plaintiff has filed a notice of non-opposition (Dkt. 40.) Having reviewed the parties' submissions, the court GRANTS the Motion and adopts the following Order.

///

///

## I. BACKGROUND

Plaintiff Valter Silva Paiva is a citizen of Brazil and a lawful permanent resident ("LPR") of the United States. (Compl., Ex. 1.) On January 7, 2008, Paiva married Rachel Stone, a United States citizen by birth. (SUF ¶ 6.) On the basis of his marriage to Stone, USCIS granted Paiva LPR status on September 25, 2008. (SUF ¶ 13.) The following year, Paiva's wife attended a weekend-long self-help seminar. (SUF ¶ 48.) During the course of that weekend, Paiva and Stone decided that their marriage was no longer working. At this point, Paiva and Stone both believed their marriage to be effectively over. (SUF ¶ 49-51.) Although neither Paiva nor his wife could recall the precise date of the seminar, the host organization's records show that Stone attended the seminar on March 6, 7, 8, and 10, 2009. (SUF ¶ 53.)

On July 6, 2011, Paiva filed a form N-400, Application for Naturalization ("N-400"). SUF 20. After conducting an investigation and interview, USCIS denied Paiva's naturalization application on April 18, 2013. (Compl., Ex. 5.) Paiva pursued a series of unsuccessful administrative appeals and then filed the instant petition for review. (*See* Compl.)

On February 4, 2015, while this litigation was pending, the Superior Court of California entered a judgment of dissolution of Paiva and Stone's marriage. (SUF ¶ 54.) In 2016, Paiva remarried another women. (SUF ¶ 56.)

## II. LEGAL STANDARD

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986). The Ninth Circuit has held that it is "'the burden of the moving party to demonstrate the absence of any material fact' . . . even when the party against whom the motion for summary judgment is directed has not filed any opposition." *Cristobal v.*

2

*Siegel*, 26 F.3d 1488, 1494–95 (9th Cir. 1994) (*Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 967 (9th Cir.1981)). In circumstances where the non-moving party has affirmatively filed a notice of non-opposition, courts nonetheless undertake an independent review of whether summary judgment is warranted. *See, e.g.*, *Walashek v. Asbestos Corp.*, No. 14-cv-1567 BTM (BGS), 2015 WL 4506743, at *1 (S.D. Cal. July 23, 2015); *Ponting v. Lowe's HIW, Inc.*, No. C 12-06442 WHA, 2014 WL 59995, at *1 (N.D. Cal. Jan. 7, 2014).

Federal district courts review de novo agency denials of naturalization applications for U.S. citizenship. 8 U.S.C. § 1421(c). The court "shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." Id. "[T]he district court has the final word and does not defer to any of the [agency's] findings or conclusions." *United States v. Hovsepian*, 359 F.3d 1144, 1162 (9th Cir. 2004) (emphasis omitted).

**III. DISCUSSION**

Paiva filed his citizenship application pursuant to 8 U.S.C. § 1430. Section 1430 provides:

> Any person whose spouse is a citizen of the United States . . . may be naturalized upon compliance with all the requirements of this subchapter . . . if such person immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least three years, and during the three years immediately preceding the date of filing his application has been living in marital union with the citizen spouse . . . , who has been a United States citizen during all of such period, and has been physically present in the United States for periods totaling at least half of that time and has resided within the State or the district of the Service in the United States in which the applicant filed his application for at least three months.

Immigration and Naturalization Act, § 319(a), 8 U.S.C. § 1430(a) (2012). Courts have uniformly interpreted this provision to require that a citizenship applicant remain married to the citizen spouse during the pendency of the application. *See Alenazi v. USCIS*, No. 09-cv-2053, 2010 WL 3988744, at *2-3 (S.D. Cal. Oct. 12, 2010) ("[T]he INA requires an applicant who chooses to apply pursuant to the three-year residency

3

requirement under Section 1430(a) to remain to be married to the United States citizen at the time of actual naturalization, and not just at the time of filing the application."); *Ali v. Smith*, 39 F. Supp. 2d 1254, 1256 (W.D. Wash. 1999) ("It is undisputed that [§ 1430(a)] requires marriage at the time the naturalization is granted.");  *see also In Matter of Lee*, 480 F.2d 673, 675 (2d Cir. 1973). This interpretation is also set forth in an applicable regulation. 8 C.F.R. § 319.1(b)(2)(i) ("[a] person is ineligible for naturalization as the spouse of a United States citizen under section 319(a) of the [INA] if, before or after the filing of the application, the marital union ceases to exist due to death or divorce.") Because the undisputed facts show that Paiva is no longer married to Stone, he can no longer qualify for citizenship on the basis of July 6, 2011 N-400 Application.

**IV. CONCLUSION**

For the reasons stated above, the court GRANTS Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: March 8, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE